1    DAVID M. OVERSTREET, IV, #103039
      ALFRED A. GALLEGOS, #160971
2    **OVERSTREET & ASSOCIATES**
      Attorneys At Law
3    1530 E. Shaw Avenue, Suite 102
      Fresno, CA 93710
      _____
4    Telephone (559) 221-2771
      Facsimile (559) 221-2775

5

   Attorneys for Defendant, CITY OF KINGSBURG
6

7

8                 UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

10

11    KIMBERLY BARSAMIAN,            CASE NO. 1:07 CV 00316 OWW-NEW

12         Plaintiff,           **STIPULATION FOR PROTECTIVE**
                                     **ORDER AND ORDER**
13    v.

14    CITY OF KINGSBURG, MARTIN SOLIS,
      individually and in his official capacity as a
15    Police Officer for the City of Kingsburg
      Police Department, and DOES 1 through
16    100, inclusive,

17         Defendants.

18

19        WHEREAS, Plaintiff, KIMBERLY BARSAMIAN, has requested that the CITY OF

20    KINGSBURG provide the following documents in the course of initial disclosures or discovery:

21          1.     Kingsburg Police Department Policies and Procedures;

22          2.     Internal Affairs files and reports relating to Martin Solis and concerning the
                     incident which is the subject of this suit;
23

24          3.     Internal Affairs files and reports relating to Martin Solis and concerning a
                     matter involving a minor (designated herein as "In re: Tara H" to protect the
25                      privacy of the minor);

26          4.     Personnel file of Martin Solis;

27          5.     Tort Claims relating to Martin Solis;

28          6.     Sealed deposition transcripts of Internal Affairs Department witnesses only
                     as to the incident which is the subject of this suit.

WHEREAS, the CITY OF KINGSBURG believes, in good faith, that the above-listed documents contain information that is:

1. Confidential, sensitive, or potentially invasive of an individual's privacy interests as protected by Article I, § 1 to the California Constitution;

2. Protected from disclosure pursuant to the provisions of California Penal Code §§ 832.5 and 832.7, as well as Evidence Code § 1045;

3. Substantially and sufficiently dissimilar in nature so as to be irrelevant and not subject to production;

4. Not generally known or available to the general public; and/or

5. Not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

WHEREAS, the parties, by and through their respective counsel of record, agree to the production of specified files and/or documents subject to the provisions of this Stipulation.

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the documents described above may be designated as **"CONFIDENTIAL"** by the City of Kingsburg and produced, if warranted, subject to the following Protective Order:

1. The Kingsburg Police Department's Policies and Procedures shall be provided to the Court for an *in camera* inspection, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

2. The Internal Affairs files and reports relating to Martin Solis and concerning the incident which is the subject of this suit shall be produced to counsel for Plaintiff within thirty (30) days from the date that this Stipulation is filed with the Court , to be produced, designated, used and handled in the manner set forth in this Stipulation.

3. The Internal Affairs files and reports relating to Martin Solis and concerning the In re: Tara H. matter shall be provided to the Court for an *in camera* inspection, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and

handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

4. The personnel file of Martin Solis shall be provided to the Court for an *in camera* inspection, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

5. Tort Claims filed with the City of Kingsburg, and which name Martin Solis as a party to the Tort Claim, if any there be, shall be provided to the Court for an *in camera* inspection, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

6. Sealed deposition transcripts of Internal Affairs Department witnesses, if any, as to the incident which is the subject of this suit shall be produced to counsel for Plaintiff within thirty (30) days from the date that this Stipulation is filed with the Court, to be produced, designated, used and handled in the manner set forth in this Stipulation.

7. All documents produced under this protective order shall be designated as "**CONFIDENTIAL**". The disclosed documents shall be used solely in connection with the civil case of *Kimberly Barsamian v. City of Kingsburg, et al.,* Case No. 1:07 CV 00316 OWW-NEW (E.D. Cal.), and in the preparation and trial of this case, or any related motions.

8. A party producing the documents and materials described above shall designate those materials by affixing a mark labeling them as **"CONFIDENTIAL."** If any **"CONFIDENTIAL"** materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked **"CONFIDENTIAL"** in a manner agreed upon by the disclosing and requesting parties. Documents or copies provided by one party to the other containing **CONFIDENTIAL** information may be designated by marking the page or pages on which the

**CONFIDENTIAL** information appears with the legend **"CONFIDENTIAL"**.

10. During the course of any deposition or other proceeding in the course of the litigation which is the subject matter of this suit, at any time the information sought consists of **"CONFIDENTIAL"** information, the court reporter will note said reference on the record and will thereafter designate that portion of the transcript and/or document involved as **"CONFIDENTIAL INFORMATION"** and all such portions of transcripts supplied it shall be so designated.

If any document or information designated as **"CONFIDENTIAL"** pursuant to this Protective Order is used or disclosed during a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 15 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

It is agreed that counsel will not disclose **"CONFIDENTIAL"** information except for its use in depositions, trial or with experts.  Any exhibits containing **CONFIDENTIAL** information at any deposition, trial, or other proceeding, will be sealed in a separate envelope, which is marked on the outside, **"CONFIDENTIAL"**.

11. If **"CONFIDENTIAL"** information is contained in any responses to interrogatories, other discovery requests, or responses, any memorandum, briefs, affidavits, declaration, or other papers or documents filed by the court, they shall be designated as **CONFIDENTIAL** information by prominently marking each page containing **CONFIDENTIAL** information with the legend **"CONFIDENTIAL"**.

12. All **"CONFIDENTIAL"** information filed, exchanged or produced during the course of the litigation shall be used solely for the purpose of litigation.  Except as otherwise provided in this order, no **"CONFIDENTIAL"** information shall be disclosed.

13. Documents or materials designated under this Protective Order as **"CONFIDENTIAL"** may only be disclosed to the following persons:

a. Counsel for Plaintiff KIMBERLY BARSAMIAN;

b.      Counsel for Defendant MARTIN SOLIS;

c.      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) directly above;

d.      Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action all subject to the restrictions set forth in this Stipulation;

e.      Any expert, investigator or consultant retained in connection with this action, subject to the restrictions set forth in this Stipulation;

f.      The finder of fact at the time of trial, subject to the court's rulings on in-limine motions and objections of counsel;

g.      Plaintiff, KIMBERLY BARSAMIAN, only to the extent reasonably necessary to assist her counsel in this litigation or for her counsel to advise her with respect to the litigation. Plaintiff, KIMBERLY BARSAMIAN, shall not physically possess, outside of her counsel's office, in any physical form, whether paper, video, audio, electronic or otherwise, any **CONFIDENTIAL** item and to the extent a **CONFIDENTIAL** item is disclosed to Plaintiff KIMBERLY BARSAMIAN, she is not to disclose **"CONFIDENTIAL"** information or materials to any other persons without prior court permission or by prior stipulation by the CITY OF KINGSBURG and SOLIS.

14.      Prior to the disclosure of any **CONFIDENTIAL** information to any person identified in paragraph 13(e), each such recipient of **CONFIDENTIAL** information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked **CONFIDENTIAL** are given. The City of Kingsburg may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order.

15.      All documents or materials designated as **"CONFIDENTIAL"** pursuant to this Protective Order, and all papers or documents containing information or materials designated as

"**CONFIDENTIAL**," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information: "This envelope is sealed pursuant to order of the Court and contains **CONFIDENTIAL** Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

        16.    The designation of information as "**CONFIDENTIAL,**" and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

        17.    A party may apply to the Court for an order that information or materials labeled "**CONFIDENTIAL**" are not, in fact, **CONFIDENTIAL**. Prior to so applying, the party seeking to reclassify "**CONFIDENTIAL**" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "**CONFIDENTIAL**" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

        18.    Additional copies shall be provided for, and requests for further copies shall be made, as set forth in this paragraph 18.

        a.    Plaintiff shall notify counsel for the City of Kingsburg the specific number of copies of documents marked **CONFIDENTIAL** they seek for production. Said number of copies shall constitute the number of copies that Plaintiff reasonably believes is needed in preparation of their case, including any copies for attorney work product, copies for experts, one copy of the Master Binder and copies for court filings. The City of Kingsburg shall, in a timely manner, produce said number of copies to the Plaintiffs.

        b.    Plaintiff shall be billed for the copying of the **CONFIDENTIAL** documents at the City of Kingsburg's actual cost.

        c.    If Plaintiff, in good faith, requires additional copies of documents marked "**CONFIDENTIAL**" in preparation of their case, they shall make a further request to counsel for the City of Kingsburg.

        d.    Upon agreement with counsel for the City of Kingsburg, copies will be produced in a timely manner to Plaintiff, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the City of Kingsburg.

e.     The City of Kingsburg shall produce **CONFIDENTIAL** information to Plaintiff with a red marking labeled "*Kimberly Barsamian*, USDC Case No. 1:07 CV 00316 OWW NEW."

19.     Notwithstanding the provisions of paragraph 13, **CONFIDENTIAL** information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

20.     Should any information designated **CONFIDENTIAL** be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Kingsburg of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s), (b) use best efforts to bind the recipient(s) to the terms of this Protective Order and (c) use all efforts to retrieve any and all copies of the unauthorized disclosure or document. No information shall lose its **CONFIDENTIAL** status because it was disclosed to a person not authorized to receive it under this Protective Order.  Absent a showing of good cause for the unauthorized disclosure, the City of Kingsburg reserves the ability to bring a motion for contempt for violation of this Stipulation.

21.     After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing **"CONFIDENTIAL"** information will remain **CONFIDENTIAL**, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom **"CONFIDENTIAL"** documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all **CONFIDENTIAL** documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the City of Kingsburg in a manner in which the City of Kingsburg will be able to reasonably identify that all documents were returned.

22.     This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

23. Defendant Martin Solis specifically agrees and affirms that he consents to the disclosure and use of the documents and information to be produced pursuant to this Stipulation and that he shall not initiate a claim or an action of any type, against the City of Kingsburg or the Plaintiff or their respective attorneys, agents, employees, investigators, consultants and experts as a result of the City of Kingsburg's disclosure of **CONFIDENTIAL** documents, pursuant to this protective order or further order of the court.

24. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of **CONFIDENTIAL** material.

"**CITY OF KINGSBURG**"

OVERSTREET & ASSOCIATES

DATE: July 19, 2007      By: \_\_\_\_/s/ Alfred A. Gallegos_____
                                  ALFRED A. GALLEGOS
                                  Attorneys for Defendant,
                                  CITY OF KINGSBURG

"**MARTIN SOLIS**

JACOBSON, HANSEN, NAJARIAN & McQUILLAN

DATE: July 20, 2007      By: \_\_\_\_/s/ Karen L. Lynch_____
                                  KAREN L. LYNCH
                                  Attorneys for Defendant,
                                  MARTIN SOLIS

"**KIMBERLY BARSAMIAN**

KAPETAN BROTHERS

DATE: July 20, 2007      By: \_\_\_\_/s/ Peter Kapetan_____
                                  PETER KAPETAN
                                  Attorneys for Plaintiff,
                                  KIMBERLY BARSAMIAN

1    Approved as to Form:

2    DATE: July 20, 2007               KAHN, SOARES & CONWAY

3

4                          By:     /s/ Rissa A. Stuart
                                     Michael J. Noland

5                                      Rissa A. Stuart
                                     City Attorney for the City of Kingsburg

6

7                                  **O R D E R**

8          Based on the foregoing Stipulation of the parties, and good cause having been found, IT

9 IS HEREBY ORDERED that a protective order is hereby issued as to the following documents:

10          1.      Kingsburg Police Department Policies and Procedures;

11          2.      Internal Affairs files and reports relating to Martin Solis and concerning the
                   incident which is the subject of this suit;

12

13          3.      Internal Affairs files and reports relating to Martin Solis and concerning a matter
                   involving a minor (designated herein as "In re: Tara H" to protect the privacy of
                   the minor);

14

15          4.      Personnel file of Martin Solis;

16          5.      Tort Claims relating to Martin Solis;

17          6.      Sealed deposition transcripts of Internal Affairs Department witnesses only as to
                   the incident which is the subject of this suit.

18          IT IS FURTHER ORDERED that production of the documents listed above, shall be as

19 follows:

20          1.      The Kingsburg Police Department's Policies and Procedures shall be provided
                   to the Court for an *in camera* inspection within thirty (30) days from the date that

21                    this Stipulation is signed by the Court, with the Court to designate those
                   documents, if any, which are subject to disclosure.  Those documents ordered to

22                    be disclosed and produced after the Court's *in camera* review shall be produced,
                   designated, used and handled in the manner set forth in this Stipulation.  Those

23                    documents not subject to disclosure and production after the Court's *in camera*
                   review shall be returned to counsel for the City of Kingsburg.

24

25          2.      The Internal Affairs files and reports relating to Martin Solis and concerning the
                   incident which is the subject of this suit shall be produced to counsel for Plaintiff

26                    within thirty (30) days from the date that this Stipulation is signed by the Court,
                   to be produced, designated, used and handled in the manner set forth in this
                   Stipulation.

27

28          3.      The Internal Affairs files and reports relating to Martin Solis and concerning the
                   In re: Tara H. matter shall be provided to the Court for an *in camera* inspection

within thirty (30) days from the date that this Stipulation is signed by the Court, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

4.    The personnel file of Martin Solis shall be provided to the Court for an *in camera* inspection within thirty (30) days from the date that this Stipulation is signed by the Court, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

5.    Tort Claims filed with the City of Kingsburg, and which name Martin Solis as a party to the Tort Claim, if any there be, shall be provided to the Court for an *in camera* inspection within thirty (30) days from the date that this Stipulation is signed by the Court, with the Court to designate those documents, if any, which are subject to disclosure. Those documents ordered to be disclosed and produced after the Court's *in camera* review shall be produced, designated, used and handled in the manner set forth in this Stipulation. Those documents not subject to disclosure and production after the Court's *in camera* review shall be returned to counsel for the City of Kingsburg.

6.    Sealed deposition transcripts of Internal Affairs Department witnesses, if any, as to the incident which is the subject of this suit shall be produced to counsel for Plaintiff within thirty (30) days from the date that this Stipulation is filed with the Court, to be produced, designated, used and handled in the manner set forth in this Stipulation.

IT IS FURTHER ORDERED that the handling, sharing, disclosure, presentation, labeling, marking, review, copying and use in any way by the parties shall be in the manner set forth in paragraphs 7 to 21, inclusive, above.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction, even after this lawsuit terminates, to:

1.    to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and

2.    to adjudicate any dispute respecting improper use or disclosure of **CONFIDENTIAL** material.

IT IS SO ORDERED.

**Dated:   July 23, 2007**           **/s/ Oliver W. Wanger**
                                     UNITED STATES DISTRICT JUDGE