DAVID M. OVERSTREET, IV, #103039
ALFRED A. GALLEGOS, #160971
**OVERSTREET & ASSOCIATES**
Attorneys At Law
1530 E. Shaw Avenue, Suite 102
Fresno, CA 93710

Telephone (559) 221-2771
Facsimile (559) 221-2775

ATTORNEYS FOR Defendant, CITY OF KINGSBURG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| KIMBERLY BARSAMIAN,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100, inclusive,<br><br>  Defendants. | CASE NO. 1:07 CV 00316 OWW-NEW<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER RE: POLICE REPORTS** |

WHEREAS, Plaintiff, Kimberly Barsamian, has requested that the City of Kingsburg provide copies of City of Kingsburg police reports that concern, mention, refer to or relate to Kimberly Barsamian or which concern, relate to, refer to or mention her family members or physical residence address, all in the course of initial disclosures or discovery;

WHEREAS, the City of Kingsburg asserts and believes, in good faith, that the above-listed documents contain information that is:

    a.    Confidential, sensitive, or potentially invasive of an individual's privacy interests as protected by Article I, § 1 to the California Constitution;

    b.    Protected from disclosure pursuant to the provisions of California Government Code § 6254(f) as the reports contain the names, addresses and contact information for witnesses and further contain other identifying information that is not to be disclosed to the general public;

c. Not generally known or available to the general public; and/or

d. Not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

WHEREAS, the parties, by and through their respective counsel of record, agree to the production of copies of the City of Kingsburg police reports that concern, mention, refer to or relate to Kimberly Barsamian, or which concern, relate to, refer to or mention her family members or physical residence address, subject to the provisions of this Stipulation.

IT IS THEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the City of Kingsburg police reports that concern, mention, refer to or relate to Kimberly Barsamian, or which concern, relate to, refer to or mention her family members or physical residence address, may be designated as "**CONFIDENTIAL**" by the City of Kingsburg and produced, if warranted, subject to the terms of the Protective Order as set forth more fully below.

1. All documents produced under this protective order shall be designated as "**CONFIDENTIAL**". The disclosed documents shall be used solely in connection with the civil case of *Kimberly Barsamian v. City of Kingsburg, et al.,* Case No. 1:07 CV 00316 OWW-NEW (E.D. Cal.), and in the preparation and trial of this case, or any related motions.

2. A party producing the documents and materials described above shall designate those materials by affixing a mark labeling them as **"CONFIDENTIAL."** If any **"CONFIDENTIAL"** materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked **"CONFIDENTIAL"** in a manner agreed upon by the disclosing and requesting parties. Documents or copies provided by one party to the other containing **CONFIDENTIAL** information may be designated by marking the page or pages on which the **CONFIDENTIAL** information appears with the legend **"CONFIDENTIAL"**.

3. During the course of any deposition or other proceeding in the course of the litigation which is the subject matter of this suit, at any time the information sought consists of **"CONFIDENTIAL"** information, the court reporter will note said reference on the record and will thereafter designate that portion of the transcript and/or document involved as **"CONFIDENTIAL INFORMATION"** and all such portions of transcripts supplied it shall be so designated.

If any document or information designated as **"CONFIDENTIAL"** pursuant to this Protective Order is used or disclosed during a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 15 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

It is agreed that counsel will not disclose **"CONFIDENTIAL"** information except for its use in depositions, trial or with investigators or experts.  Any exhibits containing **CONFIDENTIAL** information at any deposition, trial, or other proceeding, will be sealed in a separate envelope, which is marked on the outside, **"CONFIDENTIAL"**.

4.      If **"CONFIDENTIAL"** information is contained in any responses to interrogatories, other discovery requests, or responses, any memorandum, briefs, affidavits, declaration, or other papers or documents filed by the court, they shall be designated as **CONFIDENTIAL** information by prominently marking each page containing **CONFIDENTIAL** information with the legend "**CONFIDENTIAL**".

5.      All "**CONFIDENTIAL**" information filed, exchanged or produced during the course of the litigation shall be used solely for the purpose of litigation.  Except as otherwise provided in this order, no "**CONFIDENTIAL**" information shall be disclosed.

6.      Documents or materials designated under this Protective Order as **"CONFIDENTIAL"** may only be disclosed to the following persons:

  a.      Counsel for Plaintiff KIMBERLY BARSAMIAN;

  b.      Counsel for Defendant MARTIN SOLIS;

  c.      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) directly above;

  d.      Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action all subject to the restrictions set forth in this Stipulation;

  e.      Any expert, investigator or consultant retained in connection with this action, subject to the restrictions set forth in this Stipulation;

   f.  The finder of fact at the time of trial, subject to the court's rulings on in-limine motions and objections of counsel;

   g.  Plaintiff, KIMBERLY BARSAMIAN, only to the extent reasonably necessary to assist her counsel in this litigation or for her counsel to advise her with respect to the litigation. Plaintiff, KIMBERLY BARSAMIAN, shall not physically possess, outside of her counsel's office, in any physical form, whether paper, video, audio, electronic or otherwise, any **CONFIDENTIAL** item and to the extent a **CONFIDENTIAL** item is disclosed to Plaintiff KIMBERLY BARSAMIAN, she is not to disclose **"CONFIDENTIAL"** information or materials to any other persons without prior court permission or by prior stipulation by the CITY OF KINGSBURG and SOLIS.

  7.  Prior to the disclosure of any **CONFIDENTIAL** information to any person identified in paragraph 13(e), each such recipient of **CONFIDENTIAL** information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked **CONFIDENTIAL** are given. The City of Kingsburg may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order.

  8.  All documents or materials designated as **"CONFIDENTIAL"** pursuant to this Protective Order, and all papers or documents containing information or materials designated as "**CONFIDENTIAL**," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information: "This envelope is sealed pursuant to order of the Court and contains **CONFIDENTIAL** Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

///

9. The designation of information as **"CONFIDENTIAL,"** and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

10. A party may apply to the Court for an order that information or materials labeled **"CONFIDENTIAL"** are not, in fact, **CONFIDENTIAL**. Prior to so applying, the party seeking to reclassify **"CONFIDENTIAL"** information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the **"CONFIDENTIAL"** designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. Additional copies shall be provided for, and requests for further copies shall be made, as set forth in this paragraph 11.

    a. Plaintiff shall notify counsel for the City of Kingsburg the specific number of copies of documents marked **CONFIDENTIAL** they seek for production. Said number of copies shall constitute the number of copies that Plaintiff reasonably believes is needed in preparation of their case, including any copies for attorney work product, copies for experts, one copy of the Master Binder and copies for court filings. The City of Kingsburg shall, in a timely manner, produce said number of copies to the Plaintiffs.

    b. Plaintiff shall be billed for the copying of the **CONFIDENTIAL** documents at the City of Kingsburg's actual cost.

    c. If Plaintiff, in good faith, requires additional copies of documents marked **"CONFIDENTIAL"** in preparation of their case, they shall make a further request to counsel for the City of Kingsburg.

    d. Upon agreement with counsel for the City of Kingsburg, copies will be produced in a timely manner to Plaintiff, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the City of Kingsburg.

    e. The City of Kingsburg shall produce **CONFIDENTIAL** information to Plaintiff with a red marking labeled "*Kimberly Barsamian*, USDC Case No. 1:07 CV 00316 OWW NEW."

12. Notwithstanding the provisions of paragraph 6, **CONFIDENTIAL** information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

13.     Should any information designated **CONFIDENTIAL** be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Kingsburg of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s), (b) use best efforts to bind the recipient(s) to the terms of this Protective Order and © use all efforts to retrieve any and all copies of the unauthorized disclosure or document. No information shall lose its **CONFIDENTIAL** status because it was disclosed to a person not authorized to receive it under this Protective Order. Absent a showing of good cause for the unauthorized disclosure, the City of Kingsburg reserves the ability to bring a motion for contempt for violation of this Stipulation.

14.     After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing **"CONFIDENTIAL"** information will remain **CONFIDENTIAL**, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom **"CONFIDENTIAL"** documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all **CONFIDENTIAL** documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the City of Kingsburg in a manner in which the City of Kingsburg will be able to reasonably identify that all documents were returned.

15.     This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Protective Order by Court order for good cause shown or by the parties' stipulation.

16.     The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of **CONFIDENTIAL** material.

(*Signatures on next page*)

**"CITY OF KINGSBURG"**

OVERSTREET & ASSOCIATES

DATE: October 2, 2007          By: /s/ Alfred A. Gallegos
                                   ALFRED A. GALLEGOS
                                   Attorneys for Defendant,
                                   CITY OF KINGSBURG

**"MARTIN SOLIS**

JACOBSON, HANSEN, NAJARIAN & McQUILLAN

DATE: October 2, 2007          By: /s/ Karen L. Lynch
                                   KAREN L. LYNCH
                                   Attorneys for Defendant,
                                   MARTIN SOLIS

**"KIMBERLY BARSAMIAN**

KAPETAN BROTHERS

DATE: October 2, 2007          By: /s/ Peter Kapetan
                                   PETER KAPETAN
                                   Attorneys for Plaintiff,
                                   KIMBERLY BARSAMIAN

**O R D E R**

Based on the foregoing Stipulation of the parties, and good cause having been found, IT IS HEREBY ORDERED that a Protective Order is hereby issued as to the following documents:

1. City of Kingsburg police reports that concern, mention, refer to or relate to Kimberly Barsamian

2. City of Kingsburg police reports that concern, relate to, refer to or mention Kimberly Barsamian's family members or her physical residence;

IT IS FURTHER ORDERED that production of the documents listed above, shall be as follows:

///

1. The City of Kingsburg police reports that concern, mention, refer to or relate to Kimberly Barsamian **and** the City of Kingsburg police reports that concern, relate to, refer to or mention Kimberly Barsamian's family members or physical residence address, shall be produced to counsel in this matter within thirty (30) days from the date that this Stipulation is signed by the Court, to be produced, designated, used and handled in the manner set forth in this Stipulation.

2. The handling, sharing, disclosure, presentation, labeling, marking, review, copying and use in any way by the parties shall be in the manner set forth in paragraphs 1 to 16, inclusive, above.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction, even after this lawsuit terminates, to:

1. to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown; and

2. to adjudicate any dispute respecting improper use or disclosure of **CONFIDENTIAL** material.

IT IS SO ORDERED.

**Dated:   October 4, 2007**                    /s/ Oliver W. Wanger
                                                           UNITED STATES DISTRICT JUDGE