1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BARSAMIAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100 inclusive,<br><br>Defendants. | 1:07-cv-00316 OWW GSA<br><br>ORDER REGARDING SECOND NOTICE OF LODGING AND REQUEST FOR *IN CAMERA* INSPECTION BY COURT PURSUANT TO STIPULATION FOR PROTECTIVE ORDER<br><br>(Document 21) |

On July 23, 2007, the Court entered a protective order related to certain documents based on a stipulation between the parties. (Document 16.) In the stipulation, Defendant City of Kingsburg indicated its belief that documents requested by Plaintiff Kimberly Barsamian, including the personnel file of Martin Solis, contain information that is:

1. Confidential, sensitive, or potentially invasive of an individual's privacy interest as protected by Article I, § 1 to the California Constitution;
2. Protected from disclosure pursuant to the provisions of California Penal Code §§ 832.5 and 832.7, as well as Evidence Code § 1045;
3. Substantially and sufficiently dissimilar in nature so as to be irrelevant and not subject to production;
4. Not generally known or available to the general public; and/or
5. Not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

Pursuant to the stipulation and order, on October 22, 2007, Defendant City of Kingsburg filed a Second Notice of Lodging of Documents and Things for *In Camera* Inspection by Court

relating to the following documents and items: Training Documents re: Martin Solis as Identified in the Privilege Log, Bates Nos. COK001531 to COK001653 ("Solis Training Documents"). (Document 21.) The Court has been requested to conduct an *in camera* review of the Solis Training Documents for purposes of discovery.

Analysis

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Here, Defendant City of Kingsburg asserted a constitutional right of privacy based on the California Constitution and protections from disclosure based on the California Penal Code and Evidence Code sections, as well as general objections that the documents are not generally known, available or revealed to the public. In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr, 511 F.2d at 198. The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id. Government personnel files are considered official information. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." Id. at 1033-1034. If the potential disadvantages are greater, then the privilege bars discovery. Id. at 1034.

Federal courts also ordinarily recognize a constitutionally-based right of privacy that can

be raised in response to discovery requests.  See <u>Breed v. United States District Court for the Northern District of California</u>, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing invasion of minor's privacy rights against the court's need for ward files); <u>Johnson by Johnson v. Thompson</u>, 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. den.*, 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants).

After conducting an *in camera* review, the court finds that the Solis Training Documents are confidential, but subject to disclosure to Plaintiff Kimberly Barsamian in accordance with the confidentiality provisions of the stipulated protective order.  The documents are discoverable, as they are relevant to either the claims or defenses in this matter and are reasonably calculated to lead to the discovery of admissible evidence.

Insofar as the parties have not asserted privilege or confidentiality arguments specific to the Solis Training Documents, the Court declines to rule on those issues at this time.  To ensure adequate consideration of such arguments, however, Defendant City of Kingsburg may submit specific objections and/or proposed redactions of the Solis Training Documents to the Court within ten (10) court days from the date of this order for *in camera* consideration and review prior to disclosure.

IT IS SO ORDERED.

Dated:   **December 28, 2007**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE