# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BARSAMIAN,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100, inclusive,<br><br>              Defendants. | 1:07-cv-00316 OWW GSA<br><br>ORDER GRANTING MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION<br>(Document 27) |

On April 10, 2008, Defendant City of Kingsburg ("Defendant") filed the instant motion to compel Plaintiff Kimberly Barsamian to submit to a mental examination. The matter was heard on May 16, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Peter N. Kapetan appeared on behalf of Plaintiff. Alfred A. Gallegos appeared on behalf of Defendant City of Kingsburg. Karen L. Lynch appeared on behalf of Defendant Martin Solis.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a personal injury action alleging that in June 2005 she was suffering from physical and mental limitations that restricted her ability to carry out "normal" activities, with mental limitations that included severe depression to the point of suicidal tendencies and drug dependency.

According to the complaint, on June 5, 2005, Plaintiff is alleged to have been so mentally unstable that her mother felt that Plaintiff should be temporarily confined in a hospital or mental institution.  According to Plaintiff, her mother understood that since the confinement would not be voluntarily sought by Plaintiff, it would be necessary for a police officer to come to the house to assess Plaintiff and possibly transport her to a medical or mental facility for an involuntary confinement.  Plaintiff's mother therefore contacted the Kingsburg Police Department and asked for an officer to be sent to her home.

In response to this call, the City of Kingsburg dispatched former Police Officer Martin Solis to the Barsamian residence.  Mr. Solis has been terminated from his position as a City of Kingsburg Police Officer.  According to the Plaintiff, her mother confirmed with Mr. Solis that Plaintiff was mentally unsound. Plaintiff claims that shortly after her mother left the residence, Mr. Solis physically, mentally and sexually abused her.  Plaintiff alleges that due to this abuse she suffered physical injury and "severe and permanent mental and emotional distress," and has incurred and will incur medical and mental health expenses, and has lost and will lose earnings.[1]

Defendant City of Kingsburg removed the matter from state court on February 26, 2007, and answered the Complaint on March 5, 2007.  Defendant Solis answered the Complaint on March 6, 2007.

On February 12, 2008, Defendant City of Kingsburg sent Plaintiff a Demand for Independent Psychological (Mental) Examination, requesting that Plaintiff appear for an examination by Dr. Rappaport on April 8, 2008.  Ex. D, attached to the Declaration of Alfred A. Gallegos in Support of Motion to Compel Mental Examination ("Gallegos Decl.").  The examination was scheduled on a date that had been agreed to by Plaintiff and her counsel. Gallegos Decl., at ¶ 10.

Plaintiff responded to the demand on March 25, 2008, advising that the examination would not go forward.  Plaintiff's counsel requested attendance at any examination and objected

---

[1]The court acknowledges Plaintiff's objections to Defendant City of Kingsburg's recitation of the facts because the "defense has couched the facts to appear as unsubstantiated allegations made by Plaintiff."  Plaintiff's Memorandum of Point and Authorities in Support of Plaintiff's Opposition to Defendant City of Kingsburg's Motion to Compel Psychiatric Examination of Plaintiff ("Plaintiff's Opposition"), at p. 2.

1  to the examining physician asking certain questions of the Plaintiff.  Gallegos Decl., at ¶ 11.

2       On April 10, 2008, Defendant City of Kingsburg filed the instant motion to compel

3  Plaintiff to submit to an independent mental/psychiatric examination (" IPE") to be conducted by

4  Bernard Rappaport, M.D.

5       Plaintiff filed an opposition to the motion under seal on April 25, 2008.  Plaintiff does not

6  object to an IPE, but contends that the manner, conditions and scope of the examination should

7  be narrowly tailored.

8                          **DISCUSSION**

9  A.     Motion to Compel IPE

10       Federal Rule of Civil Procedure Rule 35(a) provides, in relevant part:

11           (1) *In General*.  The court where the action is pending may order a
         party whose mental or physical condition--including blood group--

12           is in controversy to submit to a physical or mental examination by
         a suitably licensed or certified examiner...

13

14           (2) *Motion and Notice; Contents of the Order*.  The order:

15           (A) may be made only on motion for good cause and on notice
         to all parties and the person to be examined; and

16           (B) must specify the time, place, manner, conditions, and scope
         of the examination, as well as the person or person who will

17           perform it.

18  To justify a mental examination under Rule 35, Defendant City of Kingsburg must demonstrate

19  (a) that Plaintiff has placed her mental condition "in controversy," and (b) "good cause" for the

20  examination.  Schlagenhauf v. Holder, 379 U.S. 104 (1964).  "Good cause" generally requires a

21  showing of specific facts justifying discovery.  Factors that courts have considered include, but

22  are not limited to, the possibility of obtaining desired information by other means, whether

23  plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired

24  materials are relevant, and whether plaintiff is claiming ongoing emotional distress. See Turner

25  v. Imperial Stores, 161 F.R.D. 89, 97-98 (S.D.Cal. 1995) (expert testimony); Ragge v.

26  MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D.Cal.1995) (ongoing emotional distress);

27  Schlagenhauf, 379 U.S. at 118-119 (availability by other means).

28       Here, Plaintiff has acknowledged that she has put her mental health at issue.  Plaintiff has

placed her mental condition in controversy by alleging that she suffered injuries from the June 2005 incident and that her mental and emotional distress is both "severe" and "permanent." Second Amended Complaint, at ¶ 8. Additionally, Plaintiff's complaint contains a cause of action for negligent infliction of emotional distress and a cause of action for intentional infliction of emotional distress. In her first, second, third and fourth causes of action, Plaintiff asserts that she suffered "severe emotional, mental and psychological distress." Second Amended Complaint, at ¶¶ 12, 16, 20, and 23. In her seventh cause of action, Plaintiff asserts that she suffered "severe emotional distress in the form of fear, nervousness, anxiety, worry and indignity [and] Defendants' conduct created an extremely detrimental affect on [her] emotional, psychological and physical health." Second Amended Complaint, at ¶ 40.

Based on the above, the Court GRANTS Defendant's motion to compel. Plaintiff is ORDERED to appear for an IPE at a mutually acceptable date and time subject to the limitations in scope to which the court now turns.

B.  Scope of Examination

Defendant City of Kingsburg submitted a draft demand for the IPE of Plaintiff with its moving papers. *See* Ex. E to Gallegos Decl., at pp. 1-2. The draft demand identifies the proposed nature, scope and manner of the IPE examination as follows:

1. The examining physician may ask questions relating to: the nature and extent of the injuries alleged to have been sustained in the incident that is the subject matter of this action; her present mental/physical symptoms and conditions; her past mental/physical symptoms and conditions; her mental/physical symptoms and conditions at the time of the incident that is the subject of this lawsuit; her history of substance abuse, relationships with her parents and other family members; relationships with her past boyfriends and her present boyfriend, if any; her psychological and medical history, including the manner in which the injuries were incurred; prior injuries, diseases and events, and plaintiff's occupational history.

2. The examining physician may use diagnostic instruments, tests, and psychological examination techniques...Dr. Rappaport will specifically cause to be administered, either personally or through a duly authorized representative, the following psychological tests to Plaintiff:

   a. Rotter Incomplete Sentences Blank;
   b. Minnesota Multi-Phasic Personality Inventory-2 ("MMPI"); and
   c. Millon Clinical Multiaxial Inventory-III ("MCMI").

Ex. E to Gallegos Decl., at pp. 1-2.

Plaintiff has not challenged the psychological tests to be conducted by Dr. Rappaport, but desires to limit the scope of the IPE (1) to preclude questioning regarding the facts of the underlying case; (2) to preclude questioning regarding Plaintiff's sexual history and medical conditions not related to Plaintiff's psychiatric condition; (3) to require all defendants to join the present IPE to prevent successive exams; and (4) to allow Plaintiff's attorney to attend the examination.

    1.    *Medical Conditions*

        a.    Past and present physical symptoms and conditions.

Plaintiff's counsel objects to the scope of the draft demand allowing for questioning of Plaintiff regarding her past and present physical symptoms and conditions as the request is vague and ambiguous and may not relate to her psychological condition.

Defendant City of Kingsburg provided the declaration of Dr. Rappaport, who indicated it would be important for him to obtain Plaintiff's medical history. Declaration of Barnard S. Rappaport, M.D., in Support of Motion to Compel Mental Examination ("Rappaport Decl."), at ¶ 12. Additionally, Plaintiff has alleged that Defendants' conduct was detrimental to her physical health. The court finds the inquiry by Dr. Rappaport regarding Plaintiff's physical symptoms and conditions to be appropriate.

        b.    Medical history, prior injuries and diseases and events, and the manner in which her injuries were incurred.

            I.    Time limitation.

Plaintiff contends that the request for her medical history is overbroad and does not provide for a time limitation.

Defendant City of Kingsburg argues that it does not seek information regarding childhood illnesses or matters unrelated to Plaintiff's claim for damages. Defendant City of Kingsburg contends that it should be allowed to obtain all medical and mental conditions and information, as they relate to Plaintiff's claim for damages, from age 15 to the present. Gallegos Decl. in Support of Reply, at ¶ 4. To support this contention, Defendant City of Kingsburg submits that

1  Plaintiff provided deposition testimony that she was first diagnosed with bipolar disorder when
2  she was 15 years old. Gallegos Decl. in Support of Reply, at ¶ 3, and Ex. B. The time limitation
3  proposed by Defendant appears appropriate and Dr. Rappaport's examination should be so
4  limited.

5          ii.   Questions regarding events of June 5, 2005.

6  Plaintiff further argues that inquiry regarding Plaintiff's medical history would allow the
7  examiner to question Plaintiff regarding the events of June 5, 2005. In short, the Defendant's
8  examiner would be permitted to "tak[e] another deposition of Plaintiff." Plaintiff's Opposition,
9  at p. 8. Plaintiff's assertion appears to be conjecture regarding the nature and form of
10 questioning by Dr. Rappaport.

11 Dr. Rappaport has asserted that in order to properly evaluate Plaintiff's pre and post-
12 incident mental status, to determine whether she was capable of providing consent at the time of
13 the incident and to determine whether the incident has had any residual impact on her mental
14 status, it is important to obtain a "complete oral history from her directly." Rappaport Decl., at ¶
15 10. Arguably, the oral history would include the incident at issue and should be allowed.

16     2.   *Sexual History*

17 Plaintiff contends that inquiries by Dr. Rappaport regarding Plaintiff's past and present
18 sexual relations is not proper. To support this contention, Plaintiff relies on Federal Rule of
19 Evidence 412, the rape-shield law, which limits the admissibility of the sexual history of victims
20 of certain sexual offenses. Plaintiff's reliance on Rule 412 is misplaced. Rule 412 generally
21 applies to the admissibility of evidence at trial.

22 Defendant City of Kingsburg contends that Plaintiff has put into dispute her post-incident
23 relationships and it should be able to address the veracity of her contentions by obtaining
24 information regarding her sexual history. Defendant City of Kingsburg has included Dr.
25 Rappaport's declaration, which asserts that it "will be important...to discuss her relationship with
26 her parents and other family members and to discuss her relationships with her past boyfriends
27 and her present boyfriend." Rappaport Decl, at ¶ 12.

28 Defendant is entitled to rebut Plaintiff's contentions regarding her inability to maintain

interpersonal relationships and her inability to tolerate human contact. Dr. Rappaport should be allowed to question Plaintiff regarding these issues, including the events of June 5, 2005. To address concerns regarding the nature of such examination, Dr. Rappaport's expert report shall be considered confidential and subject to the protective order.

      3.    *Successive Examinations*

Plaintiff argues that all defendants should be required to join the present examination. Plaintiff's Opposition, at p. 9. This issue is moot. Defendant Solis has filed a separate motion to compel an independent psychiatric examination by Dr. Rappaport, which is scheduled to be heard by the court on June 6, 2008. Defendant City of Kingsburg represents that Dr. Rappaport has agreed to conduct the mental examination on behalf of Defendant City of Kingsburg and Defendant Martin Solis. Motion to Compel Mental Examination, at p. 7. There will not be successive examinations of Plaintiff.

      4.    *Attendance of Plaintiff's Attorney or Representative at IPE*

Plaintiff requests the presence of her attorney at the IPE. Defendant City of Kingsburg objects and argues that the primary purpose for the attorney's presence is to control the examination process and to treat the examination as an adversarial proceeding. Dr. Rappaport, the proposed examiner, has provided a declaration indicating that the clinical setting is compromised by the presence of a third party and the presence of counsel at a mental examination is highly irregular and does not comport the clinical approach necessary for him to adequately and properly evaluate Plaintiff. Rappaport Decl., at ¶¶ 10, 11.

Generally, a party has no right to the presence of any third person, including her attorney, at a physical or mental examination. See, e.g., *Brandenburg v. El Al Israel Airlines*, 79 F.R.D. 543, 546 (S.D.N.Y. 1978) (denying attorney attendance at psychiatric examination as examination relies on "unimpeded, one-on-one communication between doctor and patient"); *Tirado v. Erosa*, 158 F.R.D. 294 (S.D.N.Y. 1994) (declining attendance of attorney and stenographer at Rule 35 psychiatric examination where plaintiff suffered physical abuse at the hands of the police, which included an unconsented-to touching in the genital area).

Plaintiff argues that a number of states allow a party's attorney to observe a Rule 35

examination. Plaintiff's case citations do not support the presence of her attorney at a mental examination. First, Plaintiff cites *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605 (C.D. Cal. 1995) and its discussion of California Code of Civil Procedure section 2032(g)(1). However, the *Ragge* case distinguishes between a physical examination and a mental examination and denied the plaintiff's request for a third party observer during a mental examination. The court indicated that the California Code of Civil Procedure contemplated the presence of an observer at a physical examination, but it did not provide for an observer at a mental examination. *Id*. at 610.

Plaintiff also cited the cases of *Jacob v. Chaplin*, 639 N.E.2d 1010 (Ind. 1994) and *Langfeldt-Haaland v. Saupe Enterprises, Inc.*, 768 P.2d 1144 (Alaska 1989), which both involved a physical examination. In the final case cited by Plaintiff, *Rochen v. Huang*, 558 A.2d 1108 (Del.Sup.Ct. 1988), the court permitted the plaintiffs to be accompanied by a health care practitioner of their choice and at their expense, but rejected the presence of legal counsel at the Rule 35 examinations. The court reasoned that "any attorney's presence during the intense discussions involved in a psychiatric examination of this sort would be disruptive and intimidating. It could well impair the ability of defendant to obtain a complete and fair psychiatric examination of plaintiffs." *Id*. at 1110.

As the clinical setting is compromised by the presence of a third party during a mental examination, Plaintiff's attorney should not be allowed at the IPE. To accommodate the concerns expressed at oral argument by Plaintiff's counsel, Plaintiff is permitted to bring a non-attorney support person with her on the day of the examination. The support person may not be in the exam room during the examination by Dr. Rappaport, but shall be accessible to Plaintiff during breaks. Plaintiff shall be permitted reasonable breaks at the discretion of Dr. Rappaport.

C.    Extension of Discovery Deadlines

Defendant City of Kingsburg seeks to extend the discovery deadline to allow for Plaintiff's IPE, which cannot be completed before the discovery cut-off date of June 16, 2008. Defendant explains that Dr. Rappaport will not be able to conduct the mental examination prior to that date as he will be out of the country from the end of May to the middle of June 2008. Defendant also seeks to extend the expert witness disclosure deadline to allow Dr. Rappaport to

1  provide his required report.  The current deadline for expert witness disclosure is June 25, 2008.

2        Plaintiff has not addressed these issues in the opposition to the motion for IPE, but her

3  counsel expressed no opposition to the request during oral argument.

4        As it does not appear that the IPE will be completed prior to the discovery deadline, good

5  cause is shown and Defendant City of Kingsburg's request to extend the discovery deadline is

6  GRANTED for the purpose of conducting Plaintiff's IPE.

10     IT IS SO ORDERED.

11     **Dated:**   **May 22, 2008**            /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE