# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BARSAMIAN, | 1:07-cv-00316 OWW GSA |
| Plaintiff, | ORDER REGARDING MOTION FOR DISCOVERY (Document 31) |
| v. | |
| CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100, inclusive, | |
| Defendants. | |

On April 15, 2008, Defendant City of Kingsburg and Defendant Martin Solis ("Defendants") filed the instant motion for discovery.  The parties filed a Joint Statement Regarding Discovery Disagreements.  The matter was heard on May 16, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge.  Peter N. Kapetan appeared on behalf of Plaintiff.  Alfred A. Gallegos appeared on behalf of Defendant City of Kingsburg.  Karen L. Lynch appeared on behalf of Defendant Martin Solis.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a personal injury action alleging that in June 2005 she was suffering from physical and mental limitations that restricted her ability to carry out "normal" activities, with mental limitations that included severe depression to the point of suicidal tendencies and drug dependency.

1

1    According to the complaint, on June 5, 2005, Plaintiff is alleged to have been so mentally

2    unstable that her mother felt that Plaintiff should be temporarily confined in a hospital or mental

3    institution.  According to Plaintiff, her mother understood that since the confinement would not

4    be voluntarily sought by Plaintiff, it would be necessary for a police officer to come to the house

5    to assess Plaintiff and possibly transport her to a medical or mental facility for an involuntary

6    confinement.  Plaintiff's mother therefore contacted the Kingsburg Police Department and asked

7    for an officer to be sent to her home.

8    In response to this call, the City of Kingsburg dispatched former Police Officer Martin

9    Solis to the Barsamian residence.  Mr. Solis has been terminated from his position as a City of

10   Kingsburg Police Officer.  According to the Plaintiff, her mother confirmed with Mr. Solis that

11   Plaintiff was mentally unsound. Plaintiff claims that shortly after her mother left the residence,

12   Mr. Solis physically, mentally and sexually abused her.  Plaintiff alleges that due to this abuse

13   she suffered physical injury and "severe and permanent mental and emotional distress," and has

14   incurred and will incur medical and mental health expenses, and has lost and will lose earnings.

15   Defendant City of Kingsburg removed the matter from state court on February 26, 2007,

16   and answered the Complaint on March 5, 2007.  Defendant Solis answered the Complaint on

17   March 6, 2007.

18   On July 2, 2007, the court entered a scheduling conference order.  The court subsequently

19   amended the scheduling conference order on July 9, 2007.

20   During the course of discovery, Defendants took the deposition of Plaintiff on September

21   25, 2007.  Defendants also took the deposition of Plaintiff's father and Plaintiff's mother.  The

22   deposition of Plaintiff's mother was started but not finished.

23   Defendants also sent a subpoena for the production of certain records and sought consent

24   from Plaintiff's counsel regarding production of Social Security Records.  Plaintiff's counsel sent

25   an objection to the subpoena for production of Plaintiff's medical, employment and disability

26   records.

27

28

On April 15, 2008, the parties filed a joint statement regarding discovery disagreements. Defendants request that the court decide:

1.      Whether defense counsel can ascertain Plaintiff's sexual history at depositions;

2.      Whether the psychotherapist patient privilege has been waived because of Plaintiff's claim for emotional distress damages and her contention she could not consent; and

3.      Whether defense counsel can ascertain the communications that have taken place with or regarding Plaintiff's therapy with mental health care providers, including the communications with Plaintiff's mother, Carolyn Barsamian.

Additionally, Defendants seek a court order to allow for the production of medical, employment and disability records that were subpoenaed from Plaintiff, including an order that Plaintiff sign a consent form to allow Defendants to obtain her disability records.  Defendants also seek an order extending the discovery cut-off in this matter to August 1, 2008.

**DISCUSSION**

1.    Discovery Standard

Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery and states, in relevant part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

1        1.      Medical Records

2        Plaintiff's treatment records were subpoenaed from University Medical Center, Dr.

3   Michael Thompson, Dr. Carlos Bayardo, McCall's Pharmacy, Longs Drug Store, Rit Aid,

4   Kingsburg District Hospital and Walgreen's Pharmacy.  *See* Ex. L to the Supporting Declaration

5   of Karen L. Lynch.  In the joint statement, Plaintiff has not objected to the discovery of these

6   medical records.

7        As Plaintiff has alleged that she suffered physical injury, that Defendants' conduct created

8   a detrimental affect on her physical health and that she has incurred and will incur medical health

9   expenses, medical documents related to Plaintiff's medical condition are relevant and

10  discoverable under Fed. R. Civ. P. 26(b).  *See* Second Amended Complaint, at ¶¶ 8, 12.

11  Accordingly, Defendants' motion to compel discovery of these medical records is GRANTED.

12       2.      Mental Health Records/Deposition Testimony

13       Defendants also seek to discover at deposition information regarding Plaintiff's mental

14  health therapy sessions.  Specifically, Defendants wish to ascertain the communications that have

15  taken place with or regarding Plaintiff's therapy with mental health care providers, including

16  communications with Plaintiff's mother, Carolyn Barsamian.  Defendants argue that Plaintiff has

17  waived the psychotherapist-patient privilege by making a claim for emotional distress damages

18  and by arguing that she could not consent to oral sex with former Office Solis because of the

19  status of her mental health and drug use.

20       Plaintiff has not challenged the discovery of mental health records on the basis of the

21  psychotherapist-patient privilege and has acknowledged that she has put her mental health at

22  issue.  Joint Statement of Discovery Disagreements, at p. 12.  Instead, Plaintiff's counsel objects

23  to deposition questioning of Plaintiff's mother regarding conversations that occurred between

24  Plaintiff's therapist and her mother due to "concern that disclosure of the content of these

25  conversations may negatively affect Plaintiff's familial relationship with her mother and impinge

26  on her mother's privacy rights, especially given the lack of relevance." *Id.*  Plaintiff has not cited

27  any case law in support of her position.

28

1    Relevancy is "construed broadly to encompass any matter that bears on, or that

2 reasonably could lead to other matter that could bear on, any issue that is or may be in a case."

3 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Therefore, as Plaintiff has placed

4 her mental health at issue, Plaintiff's mental health records and deposition questioning regarding

5 communications that have taken place with mental health care providers, including

6 communications with Plaintiff's mother, are relevant.

7    Because Plaintiff has not challenged the Defendants' discovery requests on the basis of

8 psychotherapist-patient privilege in the joint statement, she has not met the burden of proof to

9 demonstrate that the privilege applies.  *See, e.g.*, *Speaker v. County of San Bernardino*, 82

10 F.Supp.2d 1105, 1108 (C.D.Cal. 2000) (burden of proof for the psychotherapist-patient privilege

11 is on the party seeking to establish that the privilege applies).  Accordingly, Defendants' request

12 to discover at deposition communications that have taken place with or regarding Plaintiff's

13 therapy with mental health care providers, including the communications with Plaintiff's mother,

14 Carolyn Barsamian is GRANTED.

15    3.    Employment Records

16    Plaintiff's employment records from a Best Western, Fresno Community Hospital and J C

17 Penny were subpoenaed.  *See* Ex. L to Supporting Declaration of Karen L. Lynch.  In the joint

18 statement, Plaintiff has not objected to production of these records.  Plaintiff also has not

19 attempted to quash the subpoena pursuant to Fed. R. Civ. P. 45.

20    As Plaintiff has alleged loss of past and future earnings, documents relating to her

21 employment history are relevant and discoverable under Fed. R. Civ. P. 26(b).  Accordingly,

22 Defendants' motion for discovery of Plaintiff's employment records is GRANTED.

23    4.    Social Security Records

24    Defendants also subpoenaed records from Social Security Administration regarding

25 Plaintiff and seek written consent from Plaintiff to obtain such records.  Plaintiff has not

26 consented to production of these documents.  However, in the joint statement of discovery

27 disagreements, Plaintiff has not objected to production of these documents.

28

1   As with Plaintiff's medical and mental health records, her Social Security records are

2   relevant to her physical and/or mental conditions and subject to discovery under Fed. R. Civ. P.

3   26(b).  Therefore, Defendants' motion for discovery of Plaintiff's Social Security records is

4   GRANTED.  Plaintiff is ORDERED to sign a written consent form for release of records from

5   Social Security Administration.

6       5.    Sexual History

7       Defendants seek discovery of Plaintiff's sexual history for the past 5 years through

8   deposition testimony.  Joint Statement Regarding Discovery Disagreements, at p. 8.  Defendants

9   argue that obtaining information about Plaintiff's sexual history is relevant to her contention

10  regarding damages because Plaintiff has testified that she can no longer handle human contact

11  and her interpersonal relationships have changed since the incident with former Officer Solis.

12  Defendants would agree to a protective order regarding such information.

13      Plaintiff objects to the discovery of this information.  Plaintiff asserts that the defense

14  dramatically overemphasizes the significance of Plaintiff's testimony.  In relevant part, Plaintiff

15  testified:

16  •   "Before, I could still handle human contact and to be touched.  And now I don't

17      like anybody to touch me.  I don't trust police officers or anybody else."

18      Plaintiff's Deposition Transcript, at p. 67:1-5.

19  •   She also indicated that the incident had an impact on her "interpersonal

20      relationships."  Plaintiff's Deposition Transcript, at p. 69:24.

21  •   She "can't be touched" by "anyone."  Plaintiff's Deposition Transcript, at p.

22      71:25; 72:2.  She admitted being able to be touched by her mom and dad and that

23      she did not have difficulty with her boyfriends touching her prior to the incident.

24      However, she has had difficulty with boyfriends touching her to give her "a hug or

25      something like that" after the incident.  Plaintiff's Deposition Transcript, at p.

26      72:6-17.

27  •   She cannot "even handle a hug."  Plaintiff's Deposition Transcript, at p. 72:23.

28  •   Plaintiff provided names and telephone numbers of her boyfriends.  Plaintiff's

1   Deposition Transcript, at p. 72-75.

2   •   She told her health care providers that she did not feel that she could handle

3   human contact after the incident.  Plaintiff's Deposition Transcript, at p. 75:24-25.

4   In support of her objection to questioning regarding her sexual relationships, Plaintiff

5   relies on Federal Rule of Evidence 412, the rape-shield law, which limits the admissibility of the

6   sexual history of victims of certain sexual offenses.  Rule 412 "aims to safeguard the alleged

7   victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is

8   associated with public disclosure of intimate sexual details."  Fed.R.Evid. 412 advisory

9   committee's note.  Rule 412 generally applies to the admissibility of sexual history evidence at

10   trial and not to the discovery of such evidence.  *See* Fed. R. Evid. 412(c).  Rule 412 advisory

11   committee notes support this distinction and provide:

12   The procedures set forth in subdivision (c) do not apply to discovery of a victim's
     past sexual conduct or predisposition in civil cases, which will be continued to be
13   governed by Fed. R. Civ. P. 26.  In order not to undermine the rationale of Rule
     412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P.
14   26(c) to protect the victim against unwarranted inquiries and to ensure
     confidentiality. Courts should presumptively issue protective orders barring
15   discovery unless the party seeking discovery makes a showing that the evidence
     sought to be discovered would be relevant under the facts and theories of the
16   particular case, and cannot be obtained except through discovery.

17   Thus, Defendants must demonstrate that the evidence sought is relevant under the facts and

18   theories of the case and cannot be obtained except through discovery.

19   Here, Defendants have argued that obtaining information about Plaintiff's sexual history

20   for the past 5 years is relevant to her contentions regarding damages and has probative value, and

21   discovery is the only means in which to obtain the information.  Joint Statement Regarding

22   Discovery Disagreements, at p. 8.  Accordingly, discovery regarding Plaintiff's sexual history

23   appears permissible under Fed.R.Civ.P. 26, subject to certain limitations to protect Plaintiff

24   against unwarranted inquiries and to ensure confidentiality.

25   To avoid undermining Rule 412, the court must "consider precisely the potential

26   relevance of such evidence and ... prevent its use for purposes of exploiting stereotypes or

27   subjecting a party or witness to gratuitous embarrassment and invasion of privacy."  *Blackmon v.*

28   *Buckner*, 932 F.Supp. 1126, 1127-1128 (S.D. Ind. 1996).  In balancing the probative value of the

1   evidence against harm and unfair prejudice to the Plaintiff, the court notes that Plaintiff will be

2   questioned regarding her interpersonal relationships during a mental examination conducted by

3   Dr. Rappaport.  To protect Plaintiff from harm and unwarranted inquiries regarding her sexual

4   history, the court DENIES Defendants' motion to discover information regarding Plaintiff's

5   sexual history for the past 5 years *without prejudice* until after completion of the mental

6   examination by Dr. Rappaport.  Once Dr. Rappaport's examination is completed and his expert

7   report is prepared and provided to the parties in this matter, Defendants may renew their motion

8   to depose Plaintiff or others regarding Plaintiff's sexual history for the past 5 years.  Further, in

9   an effort to address Plaintiff's concerns regarding her mental and emotional state and to preclude

10  salacious, embarrassing or duplicate questions, Defendants SHALL submit proposed deposition

11  questions with any renewed motion for discovery of Plaintiff's sexual history.

12  C.      Extension of Discovery Deadlines

13          Defendants seek an extension of the discovery cut-off date to August 1, 2008, to allow for

14  discovery of the information requested.  As the court has granted Defendants' discovery requests

15  in part, good cause exists to EXTEND the discovery cut-off date to August 1, 2008.  To address

16  any other scheduling issues, the court SETS a further scheduling conference before the

17  Honorable Oliver W. Wanger on June 13, 2008 at 8:15 a.m. in Courtroom 3.

18          IT IS SO ORDERED.

19      Dated:   **May 22, 2008**          **/s/ Gary S. Austin**
20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

8