# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BARSAMIAN, | 1:07-cv-00316 OWW GSA |
| Plaintiff, | ORDER RE MOTION SEEKING COURT APPOINTED GUARDIAN AD LITEM ON BEHALF OF PLAINTIFF KIMBERLY BARSAMIAN |
| v. | (Document 75) |
| CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100 inclusive, | |
| Defendants. | |

Plaintiff Kimberly Barsamian ("Plaintiff") filed the instant Motion Seeking Court Appointed Guardian Ad Litem on November 21, 2008.  The motion was heard on January 30, 2009, before the Honorable Gary S. Austin, United States Magistrate Judge.  Peter Kapetan appeared on behalf of Plaintiff.  Alfred Gallegos appeared on behalf of Defendant City of Kingsburg.  No appearance was made on behalf of Defendant Martin Solis.

## Background

By the instant motion to appoint a guardian ad litem, Plaintiff seeks appointment of a guardian ad litem on her behalf.  Plaintiff's counsel explains that Plaintiff has an extensive and well-documented history of psychiatric disorders dating back to her teens.  She has been diagnosed as suffering from Bi-Polar Disorder Type 1, Post Traumatic Stress Disorder, Anxiety Disorder, Social Phobias, Borderline Personality Disorder and multiple substance abuse issues.

She also has been prescribed numerous medications for her psychiatric disorders.  In addition,

experts for both Plaintiff and Defendants agree that Plaintiff suffers from mental illness.

Plaintiff seeks appointment of a guardian ad litem pursuant to Federal Rule of Civil

Procedure 17(c)(2).  Plaintiff's counsel reports that there has "been a flat refusal by members of

Plaintiff's family to act as Plaintiff's Guardian Ad Litem."  Memorandum of Points and

Authorities in Support of Motion Seeking Court Appointed Guardian Ad Litem, p. 2.  Plaintiff

does not object to the Court's appointment of a guardian ad litem.

On January 6, 2009, the Court took the motion off calendar as the Plaintiff had not

proposed a guardian ad litem.  After further consideration of Plaintiff's motion and to facilitate

its resolution, on January 8, 2009, the Court requested additional information regarding the

proposed appointment of a guardian ad litem from Plaintiff's counsel.  Specifically, the Court

requested information regarding the scope of the anticipated appointment and/or a listing of the

anticipated obligations of the guardian ad litem.

Plaintiff's counsel filed a supplemental declaration ("Supplemental Dec.") on January 22,

2009.  According to the declaration, counsel is concerned regarding Plaintiff's ability to

rationally consider settlement offers or make financial decisions regarding any judgment she may

receive because her psychiatric condition and narcotics abuse issues result in an inability to

control her impulses and to make rational decisions.  Supplemental Dec., ¶ 4.  Counsel requests

that the Court appoint a Guardian Ad Litem "to review any settlement offers and/or approve the

disbursal of any monies to Plaintiff via a settlement or judgment."  Supplemental Dec., ¶ 5.  In

the alternative, counsel requests that the Court order "any disbursals of monies to Plaintiff via

settlement or judgment be conditioned on prior approval of the Court."  Id.

Following receipt of the supplemental declaration, the Court reset the motion hearing for

January 30, 2009.

### Discussion and Order

Federal Rule of Civil Procedure 17(c) provides:

(1) ***With a Representative***.  The following representatives may sue or
defend on behalf of a minor or an incompetent person:  (A) a general
guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary.

> (2) ***Without a Representative***.  A minor or incompetent person who does not have duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action.

Rule 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation.  "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash*. 795 F.2d 796, 805 (9th Cir.1986) (noting, in part, that absence of guardian ad litem effectively precludes the possibility of a binding contract of settlement because of the incompetency of one of the parties).  Representation by an attorney is not sufficient to satisfy the requirements of Rule 17(c). *Id*. at 806.

In the instant matter, neither the Plaintiff nor Defendants have objected to appointment of a guardian ad litem.  No opposition has been filed.  At oral argument, Defendant City of Kingsburg represented that it had no opposition to the appointment of a guardian ad litem and concurred with efforts by Plaintiff's counsel to secure a guardian ad litem.  There being no opposition, and based on the representations of Plaintiff's counsel, the Court finds it necessary to take measures to adequately protect Plaintiff in this litigation in accordance with Fed. R. Civ. P. 17.

At this time, Plaintiff, her counsel and the Court have been unable to identify an individual to appoint as a guardian ad litem.  Accordingly, Plaintiff's counsel is granted leave to renew the motion for appointment of a guardian ad litem if a suitable individual is identified.  However, in an effort to adequately protect Plaintiff, the Court ORDERS that, pursuant to Local Rule 17-202, no claim by Plaintiff may be settled or compromised absent an order by the Court approving the settlement or compromise.  Application by Plaintiff's counsel for such approval, if any, must comply with Local Rule 17-202(b)(2), (c) and (d).  The Court further ORDERS that, pursuant to Local Rule 17-202(e), if money is recovered on behalf of the Plaintiff by way of a

judgment, then the money shall be disbursed pursuant to order of the Court as it deems proper for

the protection of the Plaintiff.


    IT IS SO ORDERED.

**Dated:**  **January 30, 2009**          **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE