# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| KIMBERLY BARSAMIAN,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No. **1:07-cv-00316 OWW/GSA**<br><br>**ORDER ALLOWING DEFENDANT, MARTIN SOLIS', FILINGS OF MOTIONS IN LIMINE 1 THROUGH 6 AND MOTION TO ADMIT EVIDENCE OF PRIOR AND POST-INCIDENT SEXUAL ACTS UNDER SEAL**<br><br>**Date: February 20, 2009<br>Time: 12:15 p.m.<br>Courtroom: 3**<br><br>**Trial: March 3, 2009** |

On July 23, 2007, the Court entered a protective order related to certain documents based on a stipulation between the parties. (Document 16) In the Stipulation, Defendant City of Kingsburg indicated its belief that documents requested by Plaintiff Kimberly Barsamian including the personnel file of Martin Solis, contain information that is:

1. Confidential, sensitive, or potentially invasive of an individual's privacy interest as protected by Article I, § 1 to the California Constitution;
2. Protected from disclosure pursuant to the provisions of California Penal Code §§ 832.5 AND 832.7, as well as Evidence Code § 1045;

PDF created with pdfFactory trial version www.pdffactory.com

3. Substantially and sufficiently dissimilar in nature so as to be irrelevant and not subject to production;
4. Not generally known or available to the general public; and/or
5. Not normally revealed to the public or third parties or, if disclosed to third parties would require such third parties to maintain the information in confidence.

Pursuant to said stipulation and order, on January 9, 2009, Defendant, Martin Solis, filed the following Motions:

1. Motion in Limine Number 1 to Exclude Lay and Expert Testimony (Opinion) as to Whether Plaintiff Consented to Oral Sex with Officer Martin Solis;
2. Motion in Limine Number 2 to Exclude Plaintiff's Expert Testimony and Opinion as to Plaintiff's Damages;
3. Motion in Limine Number 3 to Exclude Witnesses from the Courtroom Prior to His or Her Testimony;
4. Motion in Limine Number 4 to Exclude Testimony Regarding Insurance and/or Indemnity;
5. Motion in Limine Number 5 to Exclude Testimony Regarding Settlement Offers; and,
6. Motion in Limine Number 6 to Exclude Incidents Involving Martin Solis Prior to the Subject Incident.

Further, pursuant to the stipulation and order, and Federal Rules of Evidence, Rule 412(c)(2), on January 10, 2009, Defendant, Martin Solis, filed the following Motion:

1. Motion to Admit Evidence of Prior and Post-Incident Sexual Acts (Fed Rule of Evid, Rule 412(b)(2)).

Defendant Martin Solis has requested the Court seal the above-entitled documents due to the sensitivity and nature of said documents not only with regard to privileged information concerning Officer Solis, but also as to Plaintiff.

## **Analysis**

Defendant Martin Solis has asserted a constitutional right of privacy based on the California Constitution and protections from disclosure based on the California Penal Code and Evidence Code sections, as well as general objections that the documents are not generally known, available or revealed to the public. In federal question cases, privileges asserted in Federal Rules of Evidence, Rule 501; United States v. Zolin, 491

PDF created with pdfFactory trial version www.pdffactory.com

U.S. 554, 562 (1989); <u>Kerr v. United States District Court for the Northern District of California</u>, 511 F.2d 192, 197 (9th Cir. 1975).  Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege.  <u>Kerr</u>, 511 F.2d at 198.  The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken."  <u>Id.</u> <u>Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police personnel files not subject to discovery for general search).  To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages."  <u>Id</u>. At 1033-1034.

Further, with regard to the Motion to Admit Evidence of Prior and Post-Incident Sexual Acts, Federal Rules of Evidence, Rule 412(c)(2) states as follows:

> Before admitting evidence under this rule the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard. The motion, related papers, and the record of the hearing must be sealed and remain under seal unless the court orders otherwise.

After conducting an *in camera* review, the court finds that the above-mentioned documents are sensitive in nature and privileged under California Constitution, and should be filed under seal.

IT IS SO ORDERED.

DATED: February 10, 2009

/s/ OLIVER W. WANGER
UNITED STATES JUDGE

---

ORDER ALLOWING DEFENDANT, MARTIN SOLIS', FILINGS
OF MOTIONS IN LIMINE 1 THROUGH 6 UNDER SEAL