1  **KAPETAN BROTHERS**
1236 "M" Street
2  Fresno, CA  93721-1806
Telephone:  (559) 498-0800
3

4  Peter N. Kapetan, #138068

5  Attorneys for:    Plaintiff Kimberly Barsamian

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  KIMBERLY BARSAMIAN,                          Case No.  1:07-cv-00316 OWW/GSA_

12

13              Plaintiff,                       ORDER ALLOWING PLAINTIFF
                                                 KIMBERLY BARSAMIAN'S FILING
14                                               OF TRIAL BRIEF UNDER SEAL

15       v.

16

17  CITY OF KINGSBURG, MARTIN
SOLIS, individually and in his official
18  capacity as a Police Officer for the City of
Kingsburg Police Department, and DOES         **Trial Date:  March 3, 2009**
19  1 through 100, inclusive.                    **Time:          9:00 AM**
                                                 **Ctrm:          3**
20              Defendants.

21

22        On July 23, 2007, the Court entered a protective order related to certain documents

23  based on a stipulation between the parties. (Document 16) In the Stipulation, Defendant City of

24  Kingsburg indicated its belief that documents requested by Plaintiff Kimberly Barsamian

25  including the personnel file of Martin Solis, contain information that is:

26      1.  Confidential, sensitive, or potentially invasive of an individual's privacy interest as
            protected by Article I, § 1 to the California Constitution;

27      2.  Protected form disclosure pursuant to the provisions of California Penal Code§§  832.5
28          and 832.7, as well as Evidence Code § 1045;

PDF created with pdfFactory trial version www.pdffactory.com

3.   Substantially and sufficiently dissimilar in nature so as to be irrelevant and not subject to production;

4.   Not generally known or available to the general public; and/or

5.   Not normally revealed to the public or third parties or, if disclosed to third parties would require such third parties to maintain the information in confidence.

Pursuant to said stipulation and order, on January 9, 2009, Plaintiff Kimberly Barsamian, filed the following document:

1.      Plaintiff Kimberly Barsamian's Trial Brief.

Plaintiff Kimberly Barsamian has requested the court seal the above-entitled document due to the sensitivity and nature of said document not only with regard to privileged information concerning Plaintiff and as to Officer Solis.

**Legal Analysis**

Plaintiff has asserted a constitutional right of privacy based on the California Constitution and protections from disclosure based on the California Evidence Code sections, as well as general objections that the documents are not generally known, available or revealed to the public. In federal question cases, privileges asserted in Federal Rules of Evidence, Rule 501; United States v. Zolin, 491 U.S. 554 (1989); Kerr v. United States District Court for the Northen District of California, 511 F. 2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or the state secret privilege. Kerr, 511 F.2d at 198. The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measure are taken." Id. Ana, 936 F. 2d 1027, 1033 (9th Cir. 1990) (finding city police personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." Id. At 1033-1034.

Further, with regard to the Plaintiff's Opposition to Defendants' Motion to Admit Evidence of Prior and Post-Incident Sexual Acts, Federal Rules of Evidence, Rule 412, codifies what is commonly referred to as "rape shield" protections.  Rule 412 asserts the general concept that a victim's "other sexual behavior" or "sexual predisposition" is not admissible in any civil proceeding.  (Fed. Rules Evid., Rule 412(a).) An exception to this

2

PDF created with pdfFactory trial version www.pdffactory.com

1
2
general prohibition applies only if the evidence is otherwise admissible and "…its probative value **substantially outweighs** the danger of harm to any victim and of unfair prejudice to any party." (Fed. Rules Evid., Rule 412(b)(2), emphasis added.)

3
4
5
6
7
8
9
10
   As set forth in the notes to Rule 412, "[t]he rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of the intimate sexual details and the infusion of sexual innuendo into the fact-finding process.  By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." (See generally,  Fed. Rules Evid., Rule 412, Notes of Advisory Committee on proposed 1994 amendment;  see also, Alberts v. Wickes Lumber Co., (N.D.Ill, 1995, 1995 WL 117886; S.M. v. J.K. (9th Cir. 2001, 262 F.ed 914, 919.)

11
   Federal Rule 412(c)(2) further states that:

12
13
Before admitting evidence under this rule the court must conduct a hearing
in camera and afford the victim and parties a right to attend and be heard.
The motion, related papers, and the record of the hearing must be sealed
and remain under seal unless the court orders otherwise.

14
15
16
17
   After conducting an *in camera* review, the court finds that the above-mentioned documents are sensitive in nature and privileged under California Constitution, and should be filed under seal.

Dated:  February 24, 2009.

18
19
20
   IT IS SO ORDERED.

21
22
23
                              /s/ OLIVER W. WANGER
                    JUDGE OF THE UNITED STATED DISTRICT COURT

24
25
26
27
28

ORDER ALLOWING PLAINTIFF KIMBERLY BARSAMIAN'S FILING OF TRIAL BRIEF UNDER SEAL LIMINE

PDF created with pdfFactory trial version www.pdffactory.com