UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| KIMBERLY BARSAMIAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF KINGSBURG, MARTIN SOLIS, individually and in his official capacity as a Police Officer for the City of Kingsburg Police Department, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 1:07-CV-00316-OWW-GSA<br><br>**ORDERS ON DEFENDANT CITY OF KINGSBURG'S MOTIONS IN LIMINE NOS. 1 THROUGH 7 AND ORDER ON DEFENDANT CITY OF KINGSBURG'S MOTION TO ADMIT EVIDENCE OF PRE- AND POST-INCIDENT SEXUAL HISTORY OF PLAINTIFF** |

### ORDERS ON MOTIONS IN LIMINE

The Motions in Limine of Defendant, CITY OF KINGSBURG, came on for hearing before this Court on February 20, 2008, in Courtroom 3 of the above-entitled Court, with Attorney Peter Kapetan appearing for Plaintiff, KIMBERLY BARSAMIAN, Attorney Alfred A. Gallegos appearing for Defendant, CITY OF KINGSBURG, and Attorney Karen L. Lynch appearing for Defendant, MARTIN SOLIS.  After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court hereby makes the following Orders:

   1.   As to the City of Kingsburg's Motion in Limine No. 1: To Admit Evidence of Plaintiff's Court Proceedings and Arrests from May 1, 2005, to the Present.

///

**DENIED IN PART** to the extent that the City of Kingsburg seeks to use change of plea forms to establish that a knowing and intelligent waiver of rights at a court proceeding is evidence of her state of mind. **GRANTED IN PART** to establish dates of court hearings, but without reference to the specific charges pertaining to the specific court hearing.

2. As to Motion in Limine No. 2: To Exclude Testimony from A.A. Howsepian, M.D. on the Issue of Future Damages on the Grounds That Such Opinions Are Speculation and Lack of Proper Foundation.

**DENIED.**

3. As to Motion in Limine No. 3: To Exclude Evidence or Testimony of a Photocopy Entitled "Off-Brothers" or "Off Triplets."

**GRANTED.**

4. As to Motion in Limine No. 4: To Exclude Evidence or Testimony That Mr. Solis Solicited a Prostitute and Stole from an Employer Prior to Being Appointed as a Reserve Officer with the City of Kingsburg.

**GRANTED.**

5. As to Motion in Limine No. 5: To Exclude Evidence or Testimony Concerning the Alleged General Reputation in the City of Kingsburg That Kimberly Barsamian Is "Crazy."

**GRANTED.**

6. As to Motion in Limine No. 6: To Exclude Evidence or Testimony that Defendant Martin Solis was Involved in a Prior Internal Affairs Investigation (Tara H.).

**GRANTED.**

7. As to Motion in Limine No. 7: to Prohibit Expert Testimony of All Treating Health Care Providers Who Were Not Disclosed Within Plaintiff's Expert Witness Disclosure.

**GRANTED.**

**IT IS SO ORDERED.**

///

///

**ORDER ON MOTION TO ADMIT EVIDENCE OF PRE-
AND POST-INCIDENT SEXUAL HISTORY OF PLAINTIFF**

As to the City of Kingsburg's Motion to Admit Evidence of Pre- and Post-incident Sexual History of Plaintiff, after consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court hereby makes the following Order:

The Court reserves its ruling on this motion as any such ruling will be dependent upon the evidence presented at trial.

No reference shall be made to termination of pregnancies unless Plaintiff first addresses the issue in the course of trial.

Additionally, the parties and witnesses shall refrain from referring to other non-party, non-consensual sexual contacts as a "rape." The parties shall refer to any such incident in a neutral manner (i.e., "non-consensual intimate contact).

IT IS SO ORDERED.

**Dated:   March 4, 2009**           /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE